UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

                                     :

NICOLA RUHL, et al.,                 :             CASE NO. 16-CV-773

                                       :

          Plaintiffs,            :

                                       :

         vs.                     :             OPINION & ORDER

                                       :             [Resolving Docs. 16, 29 & 37]

THE STATE OF OHIO             :

DEPARTMENT OF HEALTH, et al.     :

                                       :

          Defendants.          :

                                       :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this case, Plaintiffs W.R., Nicola and Gary Ruhl allege that Defendants Ohio Department of Health, the Richland County Board of Developmental Disabilities, and Ohio IDEA Part C Coordinator Wendy Grove refused to provide W.R., a child with autism, an essential early intervention service called applied behavioral analysis therapy.[1]  Specifically, Plaintiffs allege violations of the Individuals with Disabilities Education Act, Part C ("IDEA Part C").[2]  This Court previously dismissed Plaintiffs' Rehabilitation Act § 504, Americans with Disabilities Act Title II, procedural due process, equal protection, and state law claims.[3]

      Plaintiffs move for partial summary judgment on the IDEA Part C claims.[4] Plaintiffs also move for reconsideration of the dismissal of the non-IDEA Part C claims or, in the alternative, Rule 54(b) certification of final judgment.[5] Finally, Plaintiffs move to submit additional evidence to supplement the administrative record.[6]

---

[1] Doc. 1.

[2] *Id.*

[3] Doc. 23.

[4] Doc. 16.

[5] Doc. 29.

[6] Doc. 37.

Case No. 16-CV-773
Gwin, J.

For the reasons below, the Court **DENIES** the Plaintiffs' motions for partial summary

judgment, reconsideration, and to supplement the administrative record.

I. Background

In November 2011, Plaintiff W.R. began receiving services for torticollis from Help Me

Grow, Ohio's early intervention system under IDEA Part C.[7] In April 2013, Nationwide Hospital

diagnosed W.R. with autism and significant impairment in socialization and communication

skills.[8] Nationwide directed that W.R. "should participate in autism-specific programming based

on principles of applied behavior analysis."[9]

At the time, Help Me Grow did not provide applied behavior analysis therapy as an early

intervention service for children with disabilities.[10] On June 27, 2013, the United States

Department of Education notified Ohio that Ohio has a "responsibility to make [applied behavior

analysis] therapy available as a service or a method if the child's [Individualized Family Service

Plan] team identifies such a service as necessary to meet the unique developmental needs for a

particular infant or toddler with a disability."[11] In mid-December 2013, the Ohio Department of

Health began funding applied behavior analysis therapy for Plaintiff W.R.[12] Repeating the above

timeline, W.R. was diagnosed as autistic in April 2013. After the Department of Education told

Ohio it needed to provide services for autistic children, Ohio provided W.R. with services. This

lawsuit deals with W.R.'s claims for the roughly six months that Ohio initially denied services

for W.R.

---

[7] Doc. 1 at ¶¶ 32-33.
[8] *Id.* at ¶ 41.
[9] *Id.*
[10] *Id.* at ¶¶ 42, 44, 65.
[11] *Id.* at ¶ 84.
[12] *Id.* at ¶ 88.

Case No. 16-CV-773
Gwin, J.

On September 18, 2014, the Plaintiffs filed a complaint against the Ohio Department of Health, Ohio IDEA Part C Coordinator Wendy Grove, and the United States Department of Education for "systemically, intentionally, and categorically refus[ing] to provide necessary IDEA Part C early intervention services to all infants and toddlers with autism in Ohio."[13] Judge Wells dismissed the Plaintiffs' claims because they had not exhausted their administrative remedies.[14]

The Sixth Court of Appeals affirmed the district court's dismissal for failure to exhaust administrative remedies.[15] The Sixth Circuit also noted that the Plaintiffs could not "seek relief on behalf of 'all infants and toddlers with autism in Ohio' . . . in an individual suit" and that Plaintiffs' claims for systemic IDEA Part C violations on behalf of other children therefore fail.[16]

On September 2, 2015, Plaintiffs filed an IDEA Part C administrative due process complaint against Ohio Department of Health and Richland County Board of Developmental Disabilities.[17] A private lawyer hearing officer heard the complaint and denied Plaintiffs compensatory IDEA relief. The hearing officer denied Plaintiff's Part C claim because Plaintiff failed to prove that they met Help Me Grow's financial eligibility requirements.[18] The hearing officer also decided that she lacked "jurisdiction to determine whether [Help Me Grow] 'systematically denied' ABA services to WR and all other autistic children in the state of Ohio."[19]

---

[13] No. 1:14-cv-2075, Doc. 1 at ¶ 1.
[14] No. 1:14-cv-2075 Doc. 16.
[15] *W.R. v. Ohio Health Dept.*, No. 15-4032, 2016 WL 32112179, at * 3 (6th Cir. June 10, 2016).
[16] *Id.* at *7.
[17] Doc. 1. at ¶ 2.
[18] Doc. 16-3.
[19] *Id.* at 14.

Case No. 16-CV-773
Gwin, J.

On July 26, 2016, this Court dismissed all non-IDEA Part C claims against Defendants Ohio Department of Health and Grove.[20] Specifically, the Court dismissed Plaintiffs' Rehabilitation Act § 504, Americans with Disabilities Act Title II, procedural due process, equal protection, and state law claims.[21]

Plaintiffs move for partial summary judgment on their IDEA Part C claims, arguing that the administrative decision was erroneous and inconsistent with the Sixth Circuit's opinion.[22] Plaintiffs also move for reconsideration of this Court's dismissal of their non-IDEA Part C claims or, in the alternative, Rule 54(b) certification of final judgment.[23]  Finally, Plaintiffs move to submit additional evidence to supplement the administrative record.[24] The Court will address each of the Plaintiffs' motions in turn.

## II. Motion for Partial Summary Judgment

Plaintiffs move for partial summary judgment on their IDEA Part C claims. Plaintiffs argue that "the ODH hearing officer erred by refusing to hear and decide W.R.'s claim that he was injured by ODH's long-term statewide systemic wrongdoing."[25] Plaintiffs also argue that the hearing officer's decision is inconsistent with the Sixth Circuit's decision in this matter. For the following reasons, the Court denies Plaintiffs' motion for partial summary judgment.

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[26] The moving party must first demonstrate that there is an absence of a genuine dispute as

---

[20] Doc. 23.
[21] *Id.* at 4-5.
[22] Doc. 16.
[23] Doc. 29.
[24] Doc. 37.
[25] Doc. 32 at 3.
[26] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).

Case No. 16-CV-773
Gwin, J.

to a material fact entitling it to judgment.[27] Once the moving party has done so, the non-moving

party must set forth specific facts in the record—not its allegations or denials in pleadings—

showing a triable issue.[28] The existence of some doubt as to the material facts is insufficient to

defeat a motion for summary judgment.[29] But the Court views the facts and all reasonable

inferences from those facts in favor of the non-moving party.[30]

Summary judgment is not warranted here. In a civil action brought under IDEA Part C,

the district court's role is to review the administrative record. After completing its review, the

district court determines whether the record adequately supports the hearing officer's decisions.

Plaintiffs argue that "[t]here are no genuine issues of material fact" and "[t]his is solely a matter

of law,"[31] but fail to point to any administrative record evidence supporting these conclusory

statements. There is a genuine dispute of material fact here: does the administrative record

support the hearing examiner's decision? Plaintiffs have failed to prove that they are entitled to

judgment as a matter of law.

Moreover, the ODH hearing officer's decision is consistent with the Sixth Circuit's

recent opinion on this matter. In the administrative decision, the ODH hearing officer stated that

she lacked "jurisdiction to determine whether [Help Me Grow] 'systematically denied' ABA

services to WR and all other autistic children in the state of Ohio."[32] Plaintiff argues that this

decision conflicts with the Sixth Circuit's holding that the Plaintiffs' "claims of systemic

violations on behalf of W.R. are subject to IDEA's exhaustion requirement."[33]

---

[27] See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[28] See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[29] *Id.* at 586.
[30] *Killion*, 761 F.3d at 580 (internal citation omitted).
[31] Doc. 16 at 3.
[32] Doc. 16-3 at 14.
[33] *W.R. v. Ohio Health Dept.*, 2016 WL 32112179, at * 7.

Case No. 16-CV-773
Gwin, J.

Plaintiffs misread the Sixth Circuit opinion. According to the Sixth Circuit, Plaintiffs cannot sue on behalf of "all infants and toddlers with autism in Ohio" unless they meet Rule 23's class action requirements.[34] Because Plaintiffs do not allege a class, the Sixth Circuit held that "Plaintiffs' claims for systemic violations of Part C of the IDEA on behalf of other children fail."[35] Thus, the ODH hearing officer's refusal to hear Plaintiffs' claims on behalf of "all other autistic children in the state of Ohio" was appropriate. The hearing officer and the Sixth Circuit agree that Plaintiffs' claims only relate to one child, W.R. Plaintiffs are not entitled to summary judgment on their IDEA Part C claims.

### III. Motion for Reconsideration or Rule 54(b) Certification

Plaintiffs move for reconsideration of this Court's dismissal of their non-IDEA Part C claims or, in the alternative, Rule 54(b) certification of final judgment so that Plaintiffs can make an immediate appeal.[36] Plaintiffs argue that the Court's dismissal order "mistakenly" and "erroneously" holds that the Plaintiffs fail to allege "disability-motivated discrimination."[37] Alternatively, the Plaintiffs argue that there is no just reason for delaying the Plaintiffs' immediate appeal of their non-IDEA claims to the Sixth Circuit.[38]

### A. Reconsideration

Reconsideration is not warranted here.

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[39] Generally, courts find justification for reconsidering

---

[34] *Id.* at *6-7.
[35] *Id.*
[36] Doc. 29.
[37] *Id.* at 1.
[38] *Id.* at 2.
[39] Fed. R. Civ. P. 54(b); *see also Rodriguez v. Tennessee Laborers Health & Welfare Fund* 89 F. Appx. 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly address motions for

Case No. 16-CV-773
Gwin, J.

interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[40] A motion for reconsideration is not available, however, to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[41] Likewise, motions for reconsideration "are not substitutes for appeals."[42] Thus, motions to reconsider are "'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'"[43]

None of the justifications for reconsideration are present here. Plaintiffs have failed to show any intervening change of controlling law, any newly available evidence, or the occurrence of clear error or manifest injustice. The Plaintiffs' claims all stem from the alleged denial of state-funded applied behavior analysis therapy. The complaint is thus solely based on an alleged IDEA violation, and the Court properly dismissed the Plaintiffs' ADA, Rehabilitation Act § 504, § 1983, and state law claims.

In their motion, the Plaintiffs repeatedly assert that this Court was "mistaken" and "erroneous" in dismissing the non-IDEA claims. But the Plaintiffs have not offered any new facts, arguments, or compelling reasons for reconsidering the Court's prior dismissal order. At its core, the Plaintiffs' claim continues to be an appeal from the denial of IDEA benefits. The motion for reconsideration is denied.

---

reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)).

[40] *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998))

[41] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

[42] *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, No. 1:05 CV 01519, 2011 WL 13076887, at *2 (N.D. Ohio Jan. 13, 2011).

[43] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)).

Case No. 16-CV-773
Gwin, J.

*B. Interlocutory Appeal*

There are no exceptional circumstances justifying interlocutory appeal present here.

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits.[44] In "exceptional cases," however, district courts may grant parties leave to take interlocutory appeals.[45] To appeal under 28 U.S.C. § 1292(b), a party must show: (1) the issue concerns a controlling question of law; (2) substantial ground for difference of opinion on that issue exist; and (3) immediate appeal would materially advance the ultimate termination of the litigation.[46] "The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review."[47]

The first factor weighs in favor of granting an interlocutory appeal. "A legal issue is controlling if it could materially affect the outcome of the case."[48] "Thus, generally, '[a]n issue is . . . controlling if its resolution on appeal could result in a reversal of a district court's final judgment.'"[49] If the Sixth Circuit overturned this Court's dismissal of Plaintiffs' non-IDEA claims, it could also reverse the Court's final judgment.  This factor does not weigh heavily in favor of certifying interlocutory appeal, however. Resolution of an interlocutory appeal in Plaintiffs' favor would not resolve this case; rather, a decision on the actual merits of their non-IDEA claims would still be necessary.

The second factor weighs against granting appeal. "'Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion

---

[44] *Gelboim v. Bank of Am. Corp.*, ─── U.S. ───, ─── – ───, 135 S.Ct. 897, 902–03 (2015)*; Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75, (1978)*.*

[45] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); *see also* 28 U.S.C. § 1292(b).

[46] *Negron v. United States*, 553 F.3d 1013, 1015 (6th Cir. 2009)*; In re City of Memphis*, 293 F.3d at 350.

[47] *Trimble v. Bobby*, No. 5:10–cv–00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011) (citing *In re City of Memphis*, 293 F.3d at 350).

[48] *In re City of Memphis*, 293 F.3d at 351.

[49] *Trimble*, 2011 WL 1982919, at *1 (quoting *Gaylord Enter. Co. v. Gilmore Enter. Group*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)).

-8-

Case No. 16-CV-773
Gwin, J.

exists within the controlling circuit; or (3) the circuits are split on the issue.'"[50] In their motion,

Plaintiffs fail to cite a single case suggesting that there is disagreement or ambiguity over the law

cited in the Court's dismissal order. The legal issues here are not particularly difficult, nor is

there a clear split of authority. There is no substantial disagreement requiring immediate

resolution by the Sixth Circuit.

The third factor also strongly weighs against granting appeal. An immediate appeal

materially advances the termination of litigation where "appellate review could 'appreciably

shorten the time, effort, and expense exhausted between the filing of a lawsuit and its

termination.'"[51] Here, the resolution of the non-IDEA Part C claims on appeal would not

substantially alter the course of the district court proceedings.

Plaintiff's Part C claims are not difficult.  The Part C claims are decided on an

administrative record and are relatively simply.   Plaintiffs themselves concede that "[u]ltimate

resolution of the IDEA Part C claim before this Court has no effect on the family's non-IDEA

claims for unlawful discrimination and deprivation of constitutional rights."[52] If anything, the

Court finds that allowing this appeal will delay the ultimate progression of the litigation.

Because Plaintiffs fail to demonstrate the exceptional circumstances that would justify

interlocutory appeal, their motion is denied.

### IV. Motion to Supplement

The Plaintiffs move to submit additional evidence, arguing that 20 U.S.C. § 1439(a)(1)

requires this Court to supplement the administrative record with testimony "corroborat[ing] the

---

[50] *Id.* at *2 (quoting *West Tenn. Chapter of Assoc. Builders and Contractors, Inc.*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000).

[51] *Hurt v. Commerce Energy, Inc.*, 2015 WL 4629242, at *4 (N.D. Ohio Aug. 3, 2015) (quoting *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F.Supp. 721, 727 (W.D. Mich.1978)).

[52] Doc. 29 at 8.

Case No. 16-CV-773
Gwin, J.

systemic nature" of ODH's alleged deprivation of services for children with autism.[53]

Specifically, the Plaintiffs seek to depose twelve witnesses and admit six pieces of documentary

evidence.[54]

When reviewing an administrative IDEA decision, a district court "(i) shall receive the

records of the administrative proceedings; (ii) shall hear additional evidence at the request of a

party, and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as

the court determines is appropriate."[55] The Sixth Circuit takes "an expansive view of the scope of

additional evidence that may supplement the administrative record," rejecting the position that

"additional evidence is admissible only in limited circumstances, such as to supplement or fill in

gaps in the evidence previously introduced."[56]

Still, the admission of "'additional' evidence must be left to the discretion of the trial

court which must be careful not to allow such evidence to change the character [of] the hearing

from one of review to a trial *de novo*."[57] District courts should consider "'the important concerns

of not allowing a party to undercut the statutory role of administrative expertise, the unfairness

involved in one party's reserving its best evidence for trial, the reason the witness did not testify

at the administrative hearing, and the conservation of judicial resources.'"[58]

Much of the additional evidence sought by Plaintiffs is irrelevant. This Court's role is to

determine whether the hearing officer was correct in finding that there was no IDEA violation in

the delivery of early intervention services to W.R. The Plaintiffs, however, seek to admit

evidence that supports Plaintiffs' claim of "systemic deprivation" on behalf of all children with

---

[53] Doc. 37 at 3.
[54] *Id.* at 2-10.
[55] 20 U.S.C. § 1415(i)(2).
[56] *Adam Wayne D. ex rel. David D. v. Beechwood Indep. Sch. Dist.*, 482 F. App'x 52, 58 (6th Cir. 2012).
[57] *Metro. Gov't of Nashville & Davidson County, Tenn. v. Cook*, 915 F.2d 232, 234-35 (6th Cir. 1990) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790-91 (1st Cir. 1984)).
[58] *Id.*

Case No. 16-CV-773
Gwin, J.

autism.[59] But the Sixth Circuit already rejected this claim because Plaintiffs' suit is not a class action "on behalf of all children with autism."[60] Plaintiffs' suit only concerns the wrongful deprivation of IDEA services to Plaintiff W.R.

The other evidence sought by Plaintiffs is redundant. For example, Plaintiffs seek additional testimony from witnesses who already spoke at the administrative hearing.[61] Admitting the additional evidence here would unnecessarily bloat this matter's record, which already exceeds 2,000 pages. Accordingly, the Court denies Plaintiffs' motion to supplement the record.

V. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for partial summary judgment, **DENIES** Plaintiffs' motion for reconsideration and declines to certify its previous Order for immediate appeal under 28 U.S.C. § 1292(b), and **DENIES** Plaintiffs' motion to supplement the record.


IT IS SO ORDERED.


Dated:  October 7, 2016                      *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[59] For example, Plaintiffs seek to admit the testimony of Holly Young about the "extent of ODH's long-term systemic deprivation of proper IDEA Part C services for children with autism." Doc. 37 at 3. Likewise, Plaintiffs seek to admit expert witness testimony "to demonstrate the scientific basis that infants and toddlers with autism enrolled in IDEA Part C programs need ABA therapy." *Id.* at 4.

[60] *W.R. v. Ohio Health Dept.*, 2016 WL 32112179, at * 7. Plaintiffs' reply brief misses the mark when it states "[t]he Sixth Circuit already ruled that W.R. had the right to demonstrate that Ohio's Help Me Grow program systemically deprived all children, including W.R., of their IDEA Part C rights." Doc. 42 at 5.

[61] Doc. 37 at 4-5. Plaintiffs also seek to add their financial eligibility worksheet to the record, *id.* at 8, but there is already testimony and evidence regarding the family's financial eligibility.